The next case today is United States v. Edward J. Abell III, et al. v. Appeal No. 201120. Mr. Horstman. Thank you. May it please the court, again, my name is Pete Horstman. I represent the claimant, Shiloh Abell, on this appeal. She is the appellant. I appreciate the opportunity to be heard by this panel. This is an important issue for Ms. Abell. She is in a unique situation under the government's enforcement action here with respect to her husband's 401k. She is, unlike every other case that the parties have cited, she is the truly innocent spouse of a defendant who committed a substantial fraud. I would say she's a super innocent spouse because while he was committing his fraud at work, she was at home with their autistic child. The court below sided with the government in terms of a full garnishment of the 401k, and really, and I don't mean this in a derogatory way, but it simplifies the issue. The court adopted essentially the low-hanging fruit argument, which is that federal supremacy and ERISA result in a complete denial of Ms. Abell's right here to be... Counsel, I think you are misstating what the district court found. Didn't it find that under state law as well, she had no interest in this 401k? She was not divorced. She had no order giving her any interest, and therefore, apart from preemption issues, she just had no legal right anywhere to the proceeds that you say she was entitled to have carved out of the garnishment restitution order. He did find that, Your Honor, but he's patently wrong, and he's wrong for the following reasons. It cannot be that the Congress of the United States decided that someone in the position of Ms. Abell must seek a divorce from her husband in order to assert her rights under an ERISA plan and in order to protect an interest that she may have under ERISA. That just simply cannot be the law, and the Supreme Court has said on several occasions they've applied a more general approach to the congressional carve-out under ERISA for what I'm going to call property interests, and I'm referring to Boggs v. Boggs, which is cited in NOVAC, which is the government's penultimate case here. Boggs v. Boggs at 848. The Supreme Court says quite clearly that Congress chose to protect the community property interests of separated and divorced spouses and their children, and the reason... Counsel, excuse me. I guess a very basic question. Can you explain to me how you can rely on the divorce law of Massachusetts in a situation where your client is obviously not divorced? How can you rely on that portion of the Massachusetts domestic relations law to argue that your client has an interest in this 401k plan? At the threshold, I do not understand how you can make that argument at all. Would you please explain to me how you arrive at the conclusion that that seemingly irrelevant law gives her an interest in the 401k plan? Because what Massachusetts does, Your Honor, is acknowledge by statute that there is a right to proceeds from a 401k, and that those rights are, although they're not spelled out in any clear statute, it's obvious that a happily married, retired couple would draw down this particular 401k in their retirement, as many, many happily married couples do. Counsel, with respect, you've just said the law does not explicitly provide for this. You seem to be reading some penumbra into state law, which we have no basis to think that the state legislature intended any such penumbra. So if you have a better answer to Judge Lopez, please give it. The answer, quite simply, and maybe I'm being inartful, is that the right exists, and all the legislature did... Where? Where does the right exist? Because the legislature chose a method of deciding how to distribute that asset that exists. Without the statute, there's no method for a probate and family court to decide who The inference from that is that it is marital property, and all the legislature did is decide this is how you're going to divide this marital property. You're going to apply these 14 considerations, which by the way, the district court judge didn't do. That's one of our issues, is... With five minutes remaining? We don't have a ruling. I'm sorry? Your understanding is that any asset that the spouse has is the property of the other spouse. That is correct, Your Honor, and that's why this is not... Your idea is that it has nothing to do with it being an ERISA plan. It's just an asset of the one spouse to the couple, so you're saying it can't be garnished if there's an innocent spouse. That would be true if it was a car in his name. And the government has seized a car here, and we've agreed to disperse the proceeds 50-50 between my client and the victims. That's why I sort of flipped the argument, because every other asset is distributed in a way that provides equity to an innocent spouse, except this, and it cannot be that she had to file for divorce. And is the fact that she is listed as a beneficiary upon his death then irrelevant to your argument? No, it's not at all. It acknowledges the right that exists. It would seem to be, because if she wasn't listed as the beneficiary, your argument would be exactly the same. Well, it would be, but I wouldn't have the specific language of the 401k to look at and say and argue that she has a fully vested right upon his death to the entire proceeds. I mean, there's clearly a right that exists here that we still don't have a ruling from the district court on how much is hers. This is not like California. Massachusetts is not a strict community property state. Counsel, in terms of her interest in the 401k, I think the court made the point that he has the right under that plan. He could fully withdraw the proceeds of that 401k plan without her consent. Isn't that correct? Isn't that a fair characterization of the plan? That's a fair characterization of the plan, but it does not... What kind of interest is that if she has no say at all in how those proceeds can be distributed? He can withdraw it all without, again, asking her consent. Well, I think what the court acknowledges, at least in the Lester case that I've cited, is that the interest is not necessarily a perfect right, but it's an interest. It's an interest that accrues upon death. It's an interest that she has going forward in a non-divorced marriage to use those proceeds alongside her husband. The fact that he has sole discretion under ERISA to decide what to do with that while it's in the plan... Once it comes out of the plan, it becomes clear equitable property of the marriage. But while it's in the plan, the case law says that for the convenience of the ERISA administrators, we're not going to give spouses and children the ability to say what happens, but the purposes of the... I'm sorry. Let me ask you one question. Suppose that the husband here was single, so he wasn't the husband. He was a bachelor, and so there's no spouse, but he has a 401k plan. Do you acknowledge that the 401k plan could be subject to garnishment in that instance? I would be intellectually dishonest if I didn't. But that's not the situation, and it shouldn't be that she has to file for divorce. That can't be what Congress intended. I think the thrust of Judge Lopez's question then is since you're not making the argument that the 401k is untouchable, in that it's just as a legal thing, in that instance, the husband who has the 401k could choose to spend all of it to pay down his obligation to the government as a way of satisfying his restitution. That being the case, now that he's married, just like he could choose to draw it all down to buy a condo in his own name while he's married, why can't he spend it all down to pay off the restitution? So yes, she has this contingent interest, but the way it's contingent is he can choose to spend it as he wants until he dies and until they're divorced, and that's what he's done. So what is the problem? The problem is that the Supreme Court very clearly does not want federal courts to get involved in state law, and Boggs v. Boggs clearly says that. This is the law of the Commonwealth of Massachusetts. It should be presumed that a married couple... May I just complete my answer to that question? Not if you're going to say what you already said five times. If you have something else, you have 30 seconds to say it. I would say that the agreements that are had between husband and wife as to what specific ERISA proceeds are going to be used for are left to the husband and wife. The fact that the husband has the right under the plan to fully withdraw the entire matter and settle with the government is well and good, but as we all know, that's not how a marriage works, and that's not where the Supreme Court wants to go. Thank you, counsel. Thank you enough. Thank you. At this time, if attorney head, if you would please unmute your audio and video. Thank you, your honor. May I proceed? Yes, you may. May it please the court. Carol Head for the United States. In this matter, the district court awarded a $3.8 million restitution judgment against the defendant, and the United States is to enforce that restitution judgment against the property of the defendant and assets to which the defendant has rights, and one of those assets here is a 401k account. There is nothing that bars the United States from doing that. I had thought there was some authority, not from our circuit, but from other circuits that suggested the 401k itself might be exempt from the reach of a restitution order by the federal government. Am I right about that? So, the prevailing authority here, which includes the Ninth Circuit, the Second Circuit, and other circuits have interpreted the statutes at play as exempting the ERISA, basically allowing the United States to garnish the ERISA plans for restitution. Are you saying I'm wrong? I thought there was some authority that went the other way on that threshold question. Am I wrong about that? Your honor, I know that the Novak decision from the I, as I sit here right now, I can't think of a specific circuit court that has held it. We can't. There may be circumstances. I got it. We can't read it. Am I right that in this case, though, there is no argument being made to us that the ERISA is off limits? The only argument we're facing is that even if it's within the reach of the restitution, there's a particular barrier when there's an innocent spouse. That's the only question we have. Is that right? That's correct, your honor. Okay. Counsel, I'm a little puzzled by the government's argument in this sense. I think some of our questions suggest that there seem to be some very narrow grounds for deciding this case, but the government seems to have an interest, perhaps because you don't think there's authority in the circuit that you would like. Did you want some kind of broad preemption ruling from us about the relationship between an ERISA plan like this and state domestic relations law? There's so much focus on this sort of broad preemption argument. That frankly puzzles me a bit. Why? I get the sense that you want some kind of ruling that is sweeping in that regard. Am I wrong? We certainly want to prevail in this case to help recover assets for the victims here. I'm not sure exactly how to address your honor's I mean, ERISA preemption is very broad and that's well known. Here we have a situation where there's a still married spouse who does not have a quadro, is not divorced, and simply none of... One way to ask you, what is the state law rule that needs to be preempted? Well, that's an interesting question, your honor. I think it would be the application of a state divorce law that we would say isn't even invoked here. So if it's not changed, if we conclude you're right about that, then there is no state law rule that's in conflict with federal law that would preclude the restitution from being paid. There's no need to reach the preemption issue because there's no conflict, right? Yes, your honor. I think that's absolutely correct. I mean, the simple fact here from the government's perspective is that Mrs. Abel doesn't have ownership into this interest in this 401k account. It is not jointly owned. It's not like a piece of property or a house where both spouses are on the title. This is... Ms. Head, I may have misunderstood your argument, but I thought the starting point was she is not divorced, she doesn't have a quadro, he is not dead, and she has, therefore, no interest under state law, and that ground alone would suffice to affirm the judgment. Is that correct? Yes, that's correct, your honor. Go ahead, Judge Barron. Well, the only thing that, I guess, slightly complicates it for me is the following. Suppose the argument was being made here, which I know it's not, that the 401k, as the dissent in the Ninth Circuit en banc decision said, is not within the reach of the federal government under the restitution authority. And suppose all the other facts were the same as here. Would she have standing to object to the assertion of control over it? Because you could imagine that her interest, at least as the death beneficiary, would give her an interest in the 401k that might lead her to be able to object to the government asserting a legal power to take the 401k that she doesn't have, even if her spouse doesn't object. So, about four minutes left. I'm not sure that that potential future interest would give her, I mean, she doesn't have a, our position is she doesn't have a present interest in the account. We did not, I mean, it's, she's not listed as an owner. The obligation of the United States is to provide reasonable notice to people who may have an interest. She's not listed as the owner of the account. She's not, I just don't know that she would actually. So you don't, typically you wouldn't give her notice of it? No. Okay. Well, as the Supreme Court has said very often, the dividing line between standing and rightness is somewhat difficult to ascertain at times. I suppose the government would say a potential future interest as a beneficiary also raises rightness concerns, whether you put it under standing or you put it under rightness. I think that is very well said, Your Honor. Yes. All right. Any, anything further? Not unless the court has further questions. No, nothing further. No, thank you. Thank you, Your Honor. This concludes the argument in this matter. Attorney Horstman and Attorney Head, you should disconnect from the hearing at this time.